UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAMONT WILLIAMS, | ) | |
| Plaintiff, | ) ) | Case No. 3:09-cv-00464-LRH-VPC |
| vs. | ) ) | **ORDER** |
| WILLIAM ADAMS, *et al.*, | ) ) | |
| Defendants. | ) | |

Plaintiff, a Nevada prisoner proceeding *pro se*, has paid the full filing fee and filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (#2). Plaintiff has also filed a motion for refund of the filing fee (dockets #6 and #8). The letters note that the court has not yet taken action on his complaint, that he expects to be released soon and that he will "pursue this lawsuit" once he is released from prison and "have the adequate resources." Initially, the court notes that there is no provision for a refund of the filing fee and this request shall be denied. Moreover, the complaint is subject to the provisions of 28 U.S.C. § 1915 and the court's review under that statute is discussed below. Because this discussion demonstrates that plaintiff has failed to state a claim for relief, the complaint shall be dismissed.

**I.      Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1914A(a). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

Dismissal of a complaint or part thereof for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12 (b)(6), and the court will apply the same standard under §1915 when reviewing a complaint or an amended complaint. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, if it appears to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint, the court may *sua sponte* dismiss the cause of action or portions thereof. *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1309 (9th Cir. 1982).

An entire complaint or portions thereof filed by a prisoner shall be dismissed *sua sponte* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). This includes those that possess legal conclusions that are untenable (e.g., wherein the defendants are immune from suit or claims of infringement of a legal interest which clearly does not exist) as well as those that only contain fanciful factual allegations, (e.g., claims describing fantastic or delusional scenarios). The complaint filed herein is subject to *sua sponte* dismissal prior to service on the named defendants.

**II.   Discussion**

In a series of five counts, plaintiff alleges his rights under the Fifth and Eighth Amendments have been violated as a result of disciplinary charges and sanctions which resulted from an allegation that he failed to follow rules and regulations, possessed contraband and violated a work program. Because the claims all arise from the same disciplinary proceedings and arise in chronological order, they shall be consolidated as a single claim for a violation of due process and cruel and unusual punishment. Although plaintiff also claims intentional infliction of emotional stress and metal anguish, these claims will not survive the screening process, as such claims are

2

1  prohibited in a § 1983 action by a prisoner absent the presence of a physical injury.  42 U.S.C. §
2  1997e(e); *see also Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002).
3        Plaintiff seeks restoration of his disciplinary record to its previous status, reimbursement of
4  restitution ordered and paid, reimbursement of the $350 filing fee and money damages.
5        Plaintiff sues various correctional officers and officials in their personal and official
6  capacities based on their participation in the disciplinary proceedings. A person cannot be sued in
7  their official capacity for money damages.  Only injunctive relief is available for defendants said to
8  be acting in their official capacity.  On the other hand, personal capacity suits seek to impose
9  personal liability upon a governmental official for actions taken under the color of state law.
10 *Kentucy v. Graham,* 473 U.S. 159, 165 (1985).  In this instance, the identified defendants are all
11 alleged to have taken an active role in the determination of the disciplinary proceedings and the
12 subsequent appeal therefrom.

13                 Factual Allegations

14       Plaintiff alleges that he was charged by defendant William Adams with the above mentioned
15 violations when a cell phone containing a photograph of plaintiff and his girlfriend was found in the
16 possession of Inmate Jimmie Hicks.  According to the complaint, the cell phone has been the
17 property of plaintiff's girlfriend, but the phone had been sold to Mr. Hicks' girlfriend without the
18 personal information being removed.  Further allegations are that the phone was then provided to
19 Mr. Hicks by his girlfriend without the plaintiff's knowledge.  Hicks purportedly accepted full
20 responsibility for these wrongdoings and was convicted of various disciplinary charges.  Plaintiff
21 complains, however, that he was still charged and convicted of the same infractions, despite having
22 no part in the prohibited activities.
23       Plaintiff was initially found guilty by Defendant Ed Peterman and sanctioned to 24 months
24 segregation, restitution of $192.90, an Attorney General referral and a referral for loss of statutory
25 good time credits.  As a result of the conviction and sanctions, plaintiff was transferred to a more
26 secure facility, resulting in the loss of his job.  On review, Defendant Greg Smith upheld the
27 disciplinary findings, but reduced the sanctions to 9 months of segregation, and complete reversal of
28

1  the A.G. and good time credit referrals and the restitution order.  Plaintiff contends that the
2  restitution had already been removed from his prison account and that, as of the date of the
3  complaint, it had not been credited back.[1]  The disciplinary findings were ultimately upheld by both
4  defendants Don Helling and James Baca.

Due Process

6  Plaintiff identifies his due process claims as founded in the Fifth Amendment, as a
7  deprivation of liberty.  However, the Fifth Amendment protections come into play only in
8  proceedings of a true criminal nature.  Here the alleged wrongs were not criminal in nature, but arise
9  under a code of conduct imposed by the prison administration to maintain safety and security in the
10 prison setting.  In such a setting, it is the Fourteenth Amendment that provides the requisite due
11 process protections afforded.

12  In order to state a cause of action for deprivation of procedural due process, a plaintiff must
13 first establish the existence of a liberty interest for which the protection is sought.  In *Sandin v.*
14 *Connor*, 515 U.S. 472, 487 (1995), the Supreme Court abandoned earlier case law which had held
15 that states created protectable liberty interests by way of mandatory language in prison regulations.
16 *Id.*  Instead, the Court adopted an approach in which the existence of a liberty interest is determined
17 by focusing on the nature of the deprivation.  *Id.*  In doing so, the Court held that liberty interests
18 created by prison regulations are limited to freedom from restraint which "imposes atypical and
19 significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

20  A prisoner has a liberty interest when confinement imposes an "atypical and significant
21 hardship . . . in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484.  In *Sandin*,
22 the Court focused on three factors in determining that plaintiff possessed no liberty interest in
23 avoiding disciplinary segregation: (1) disciplinary segregation was essentially the same as
24 discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and
25 conditions in the general population showed that the plaintiff suffered no "major disruption in his

---

[1] Plaintiff does not indicate if he took any steps to obtain a return of the monies based on the reversal of the restitution order.

environment;" and (3) the length of the plaintiff's sentence was not affected. *Sandin*, 515 U.S. at 486-87; *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000).

Where a protected liberty interest exists, the Supreme Court has set out the following procedural due process requirements for disciplinary detention of a prisoner: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

Plaintiff makes no allegations that these procedural standards were not met, and the facts as recited, indicate that he was given a notice of charges, that he was allowed to bring evidence in his own defense, that he was found guilty on some evidence, and that he was afforded several levels of appeal, which appeal was successful in reducing the sanctions originally imposed. Plaintiff's claims of a denial of due process fail.

### Conditions of Confinement

Plaintiff alleges that the imposition of disciplinary segregation and a transfer to the Warm Springs Correctional Center exposed him to cruel and unusual punishment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged

5

1  deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834
2  (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and
3  disregard an excessive risk to inmate health or safety." *Id*. at 837.  Thus, "a prison official may be
4  held liable under the Eighth Amendment for denying humane conditions of confinement only if he
5  knows that inmates face a substantial risk of harm and disregards that risk by failing to take
6  reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. at 835.  Prison officials may avoid
7  liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of
8  a reasonable, albeit unsuccessful, response to the risk. *Id*. at 844-45.  Mere negligence on the part of
9  the prison official is not sufficient to establish liability, but rather, the official's conduct must have
10 been wanton. *Farmer v. Brennan*, 511 U.S. at 835; *Frost v. Agnose*, 152 F.3d at 1128; *see also*
11 *Daniels v. Williams*, 474 U.S. 327, 33 (1986).

12 The only deprivation alleged by plaintiff as a result of the disciplinary findings was a transfer
13 to a more secure facility and a loss of his employment at the previous institution, with the inherent
14 loss of income.  This claims fails because there is no right to be housed in a particular location or to
15 participate in rehabilitative programs or employment while incarcerated. *Moody v. Daggett,* 429
16 U.S. 78, 88, n.9 (1976); *Olim v. Wakinekona,* 461 U.S. 238, 245 (1983); *Coakley v. Murphy,* 884
17 F.2d 1218, 1221 (9th Cir. 1989).   Plaintiff has not stated a claim for relief under the Eighth
18 Amendment.

### Post-Deprivation State Remedy

20 As to plaintiff's contention that he was wrongfully deprived of the $192.90 restitution
21 originally ordered and paid prior to the reversal on appeal, plaintiff must pursue a remedy through
22 the state courts or other administrative proceedings, as this action, whether negligent or intentional
23 on the part of prison staff, does not state a constitutional violation. *See Zinermon v. Burch,* 494
24 U.S. 113, 129-32 (1990); *Hudson v. Palmer,* 468 U.S. 517, 533 (1984).

25 ///
26 ///
27 ///

6

**IT IS THEREFORE ORDERED** that Plaintiff's request for refund of the filing fee, (docket #8) is **DENIED**. No refund of the filing fee shall be granted.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED WITH  PREJUDICE.** The Clerk shall enter judgment accordingly.

DATED this 11th day of August, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

7